35 C.C.P.A.(Patents)

### Application of SCHREIBER.
### Patent Appeals No. 5353.

Court of Customs and Patent Appeals.

Nov. 17, 1947.

Arnold S. Worfolk, of New York City (Charles M. Thomas, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel) for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 14 to 22, inclusive) in appellant's application for a patent for an alleged invention relating to improvements in catamenial bandages—sanitary napkins, and particularly to the location of a deodorant in such articles.

Claim 14 is sufficiently representative of the appealed claims. It reads: "14. A dressing for medicinal purposes, particularly for catamenial use, comprising a fluid absorbent pad, a unit of tissue-like sheet material arranged externally of the pad at the side thereof which is in contact with the user when the dressing is in service, a deodorant material incorporated in said unit as a part thereof and distributed substantially evenly throughout the area of the unit which, in the normal use of the dressing, is wetted by the fluid as it passes into the absorbent pad, and means for holding said unit in its proper position relative to the absorbent pad."

It appears from the record that appellant's sanitary napkins are more or less conventional in form, and the real issue in the case relates to the position of tissue-like sheet material in which a deodorant is incorporated substantially evenly throughout such material and which is arranged externally of the absorbent pad and in contact with the wearer when in use. The purpose of placing the deodorant in the tissue-like material externally of the absorbent pad is

to prevent the deodorant coming into direct contact with the wearer, as well as to prevent obnoxious odors emanating from the body.

The references are: Wilhelm, 1,950,957, March 13, 1934; Reiman, 2,066,946, January 5, 1937; Williams, 2,067,961, January 19, 1937; Lynch et al., 2,121,604, June 21, 1938.

The patent to Wilhelm discloses a sanitary napkin having two or more layers of absorbent material. The patentee states that a deodorant may be placed upon or between the layers of absorbent material.

The patent to Reiman discloses a sanitary napkin, at the center of which a deodorant is placed between two layers of the absorbent pad. This deodorant is sealed in an air-proof envelope and, in order to become effective, must come into contact with the air, which may be accomplished by bending the napkin back and forth, or by means of a so-called "rip-cord" extending out of the end of the bandage.

The patent to Williams discloses a sanitary napkin comprising two pads of absorbent material between which a deodorant is incorporated, the deodorant being applied to gauze over which a starch or potato flour is applied.

The patent to Lynch et al. discloses a foot pad made up of several layers of absorbent material, each layer being treated with a deodorant.

The tribunals of the Patent Office concurred in holding that, in view of the references, particularly in view of the disclosures in the patents to Wilhelm, Reiman, and Williams, it was a mere matter of choice as to where the deodorant was to be placed in a sanitary napkin, and that, therefore, there was no invention in placing a deodorant in a tissue-like sheet material arranged externally of the absorbent pad and in contact with the wearer when in use.

It is conceded in appellant's application that it was old in the art to sprinkle deodorant on sanitary napkins which (deodorant) came into contact with the wearer. Appellant states that the difficulty with that arrangement was that a portion of the deodorant was shaken off before use and that such as remained adhered to the body of the wearer, and that such an arrangement was unsanitary and produced an unesthetic effect. It is clear, therefore, from the record, that the desirability of having a deodorant come into close proximity to the body of the wearer was recognized in the art. Accordingly, the only real difference between the prior art and the admissions in appellant's specification is that he enclosed the deodorant in a tissue-like sheet material which came into contact with the body of the wearer.

It is probably true that the arrangement of appellant's sanitary napkin, as hereinbefore explained, is some improvement over the prior art, particularly if, as argued by counsel for appellant, the action of the deodorant is delayed when placed between two absorbent pads of such an article, as appears from some of the references, or if, as it is argued, the deodorant is so placed upon the napkin that it comes into direct contact with the body. However, we are in agreement with the views of the tribunals of the Patent Office that as it was known to be desirable to use the deodorant in close proximity to the body of the wearer, it would be obvious to place the deodorant in a tissue-like sheet material externally of the absorbent pad so as to prevent the claimed unsanitary and unesthetic effect referred to in the brief of counsel for appellant.

For the reasons stated, we are of opinion that the tribunals of the Patent Office reached the right conclusion. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.